Case No. 24-4009

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

PHILLIP DURACHINSKY,
*Defendant/Appellant.*
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
_____

BRIEF OF APPELLANT DURACHINSKY
_____

JOSEPH MEDICI
Federal Public Defender

Kevin M. Schad
Attorney for Appellant
Appellate Chief
FPD Southern District of Ohio
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Kevin_schad@fd.org

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ii

JURISDICTIONAL STATEMENT ........................................................ 1

STATEMENT REGARDING ORAL ARGUMENT ............................... 1

STATEMENT OF THE ISSUES ............................................................ 2

STATEMENT OF THE CASE ................................................................ 3

SUMMARY OF THE ARGUMENT ...................................................... 9

I.    THE DISTRICT COURT DID NOT HAVE JURISDICTION TO RULE ON
      DURACHINSKY'S COMPETENCE PENDING HIS INTERLOCUTORY
      APPEAL ..................................................................................... 10

II.   THE DISTRICT COURT SHOULD HAVE INQUIRED AS TO THE CLAIM
      THAT COUNSEL WAS CONFLICTED AND/OR THERE WAS A
      BREAKDOWN IN ATTORNEY/CLIENT COMMUNICATIONS ............. 13

III.  DURACHINSKY IS NOT INCOMPETENT ............................................. 17

CONCLUSION ...................................................................................... 23

CERTIFICATE OF COMPLIANCE .................................................... 24


CERTIFICATE OF SERVICE

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

## TABLE OF AUTHORITIES

### Cases

*Carson v. United States*, 88 F.4th 633, 639 (6th Cir. 2023) ...................................14

*Coinbase, Inc. v. Bielski*, 599 U.S. 736, 143 S. Ct. 1915, 216 L. Ed. 2d 671 (2023)................................................................................................11

*Doe v. Univ. of Michigan*, 78 F.4th 929, 940 (6th Cir. 2023) ................................10

*Est. of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018) ..............................................................................12

*Jones v. Bradshaw*, 46 F.4th 459, 475 (6th Cir. 2022) .........................................14

*Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). .............................................10

*McCoy v. Ct. of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 447, 108 S. Ct. 1895, 1906, 100 L. Ed. 2d 440 (1988) ......................................14

*United States v. Ayala*, 755 F. App'x 499, 506 (6th Cir. 2018) .............................19

*United States v. Bergrin*, 885 F.3d 416, 420 (6th Cir. 2018) ...................................1

*United States v. Coleman*, 871 F.3d 470, 475 (6th Cir. 2017) ...............................20

*United States v. Dubrule*, 822 F.3d 866 (6th Cir. 2016)..........................................21

*United States v. Gandy*, 926 F.3d 248, 261 (6th Cir. 2019). ..................................16

*United States v. Hood*, 827 F. App'x 524, 529 (6th Cir. 2020) ..............................20

*United States v. Martin*, 608 F. App'x 340, 345 (6th Cir. 2015) ...........................15

*United States v. Pitts*, 997 F.3d 688,700 (6th Cir. 2021)........................................19

*United States v. Prigmore*, 15 F.4th 768, 776 (6th Cir. 2021) ..............................17

*United States v. Ross*, 703 F.3d 856, 869 (6th Cir. 2012) ......................................14

*United States v. Steele*, 919 F.3d 965, 973 (6th Cir. 2019). ..................................14

*United States v. Trevino*, 7 F.4th 414, 428 (6th Cir. 2021) ....................................15

*United States v. Tucci-Jarraf*, 939 F.3d 790, 795 (6th Cir. 2019).........................20

*United States v. Wells*, 55 F.4th 1086, 1090 (6th Cir. 2022) ..................................13

## JURISDICTIONAL STATEMENT

This Honorable Court has jurisdiction to hear this matter pursuant to 28 United States Code § 1291 and 18 U.S.C. § 4241. See *United States v. Bergrin*, 885 F.3d 416, 420 (6th Cir. 2018).  There has been a final adjudication of competency to stand trial by a United States District Court filed on November 12, 2024. (R.219, Order, PAGE ID # 1827)  A timely notice of appeal was received by the district court on November 20, 2024. (R.223, Notice of Appeal, PAGE ID # 1848)

## STATEMENT REGARDING ORAL ARGUMENT

In the interest of expediting this appeal, Appellant Durachinsky waives oral argument.

Respectfully requested,

/s/ *Kevin M. Schad*
Kevin M. Schad
Attorney for Appellant

## STATEMENT OF THE ISSUES

1. Because Durachinsky had a pending appeal regarding the previous competency decision pending before this Court (Case No. 23-4019), the district court was without jurisdiction to again review Durachinsky's competency and send him for further restoration.

2. Because Durachinsky raised the issue of a conflict with his counsel, the court should have made an inquiry as to whether the conflict was valid before moving forward with the competency evaluation.

3. The evidence presented by the Government, which included a report from the BOP, proved that Durachinsky was competent to stand trial and assist in his defense.

## STATEMENT OF THE CASE

On January 24, 2017, a complaint was filed in the Northern District of Ohio contending that Appellant Phillip Durachinsky had intentionally placed malware on several computers, and used the information obtained from the malware to commit other offenses. (R.1, Complaint PAGE ID # 7) This eventually led to a grand jury returning an indictment on January 10, 2018, alleging that Durachinsky committed these offenses through this malware scheme: damaging protected computers, in violation of 18 U.S.C. § 1030(a)(5)(A); production of child pornography, in violation of 18 U.S.C. § 2251(a); wire fraud, in violation of 18 U.S.C. § 1343; aggravated identity theft, in violation of 18 U.S.C. § 1028A; accessing a Government computer without authorization, in violation of 18 U.S.C. § 1030(a); and illegal wiretapping, in violation of 18 U.S.C. § 2511. (R.38, Indictment PAGE ID # 105)

The next several years were spent in pretrial litigation, including a motion to suppress, as well as motions to dismiss certain counts. The indictment was superseded by the Government two times. Durachinsky changed attorneys on a couple of occasions. On May 17, 2023, counsel for Durachinsky filed a motion for a competency hearing. (R.173, Motion PAGE

ID # 1362)  Defense counsel attached, under seal, a report from a psychologist that concluded Durachinsky was unable to assist counsel in his defense.

The Government subsequently requested an independent examination by the Bureau of Prisons, which the district court ultimately granted.  After the BOP evaluation, on November 29, 2023, a competency hearing was held where the district court noted that the defense report had reflected that Durachinsky suffered from an autism spectrum disorder which prevented him from assisting his defense counsel.  (R.191, Hearing PAGE ID # 1491)  The BOP evaluation agreed, and found that Durachinsky was unable to stand trial. (R.191, Hearing PAGE ID # 1492)  On December 7, 2023, the court determined that Durachinsky was incompetent, and order him sent to the BOP for restoration.  (R.194, Hearing PAGE ID # 1573)

Durachinsky appealed this decision to this Court (Case No. 23-4019), raising two issues: (1) When a defendant takes the position that he is competent to stand trial, does he have the right to the assistance of counsel who will advocate for that position at a competency hearing?; and (2) At a contested competency hearing, does a defendant have the right to call witnesses, present evidence, and cross-examine the Government's witnesses? This appeal is still pending as of the date of the filing of this brief.

In the meantime, Durachinsky received treatment at the Bureau of Prisons, and was eventually returned to the Northern District of Ohio. The professionals from the BOP determined that Durachinsky was restored, and was competent to stand trial and assist in his defense. On May 15, 2024, the district court held a hearing on a matter unrelated to competency.[1] At the end of that hearing, the court discussed "next steps" relating to the competency issue. The Government stated to the court: "my initial take on that is, although I would have to do a little further research, is that until that is resolved it may very well divest the Court of jurisdiction over the ultimate competency finding in this case because it relates to an appeal of the Court's order from December." (R.227, Hearing PAGE ID # 1899) The court did not stay the proceedings based on this, but set the matter for a competency hearing.

On September 24, 2024, at the beginning of the competency hearing, Durachinsky himself suggested to the district court that the court was without jurisdiction, based on the pending appeal. (R.218, Competency Hearing PAGE ID # 1689) In response, the court stated: "Did you or your lawyer, your other

---

[1] The county jail where Durachinsky had been housed destroyed Durschinsky's legal paperwork and other personal items, despite a district court order to preserve them.

5

lawyer, have an opinion as opposed to 'I may not'? Did you come up with a definitive conclusion on that?" Durachinsky answered "no", to which the court responded "All right." (R.218, Competency Hearing PAGE ID # 1690)  The court took no other steps to inquire into its jurisdiction, and proceeded to the merits.

Durachinsky also requested that the court appoint him different counsel for the hearing.  He informed the court that there was a breakdown in communications between he and his counsel (R.218, Competency Hearing PAGE ID # 1691), that counsel was acting under a conflict of interest (PAGE ID # 1691), and that counsel was acting directly against his wishes.  (PAGE ID # 1693)  Durachinsky argued to the court that this left him without an advocate.  (PAGE ID # 1693)  In response, the court informed Durachinsky it was only focusing on competency, not problems with his attorney.  (PAGE ID # 1693)

The Government called as its only witness Dr. Yasmine Abdelaal.  Dr. Abdelaal is a forensic psychologist at MCC Chicago, and her role is to conduct court-ordered forensic evaluations for the court, for individuals who are here under 4241(d) for the jail-based restoration program.  (R.218, Competency Hearing PAGE ID # 1700)  Dr. Abdelaal interacted with Durachinsky several

times a week for a four-month period. These interactions were direct and observational, and included therapy and interviews. Durachinsky also participated in two different restoration programs at MCC. (PAGE ID # 1717)

Dr. Abdelaal diagnosed Durachinsky as having autism spectrum disorder as well as narcissistic personality disorder. (PAGE ID # 1711) Dr. Abdelaal determined that Durachinsky had never been incompetent (PAGE ID # 1751), and that he was able to assist in his defense.

Defense counsel called as its witness Dr. Allen McConnell. In April 2023, Dr. McConnell had diagnosed Durachinsky with autism spectrum disorder, and that he was unable to assist in his defense. (PAGE ID # 1756) Although Dr. McConnell had not interviewed or evaluated Durachinsky since that one interview in April 2023, he nonetheless continued to opine that "my opinion was that his interpersonal communication style and difficulty is related to autism, and not personality characteristics. And because of that, you know, that impacts his capacity to assist in his defense." (PAGE ID # 1781)

The court took the matter under advisement, and on November 12, 2024, entered a written order finding that Durachinsky was still incompetent to stand trial. (R.219, Order PAGE ID # 1827) The court determined:

> I have no reason to question my original determination, after consideration of the reports of Dr. Low and Dr.

7

McConnell , that Defendant was not competent to assist in his defense. He appears to be having the same difficulties in this regard now as he had before. It is true that Dr, Abedelaal's interaction with Defendant is more recent than that of Dr. McConnell's. But, he and Dr. Low were very specific in terms of the impediments they saw to Defendant's effectively interacting with counsel. Therefore, Dr. McConnell was in a good position to review Dr. Abedelaal's report to see if the traits he and Dr. Low witnessed in Defendant were still there.

(R.219, Order PAGE ID # 1835)

## SUMMARY OF THE ARGUMENT

### I.

The district court was without jurisdiction to make a further competency determination and to remand Durachinsky to the BOP for further treatment, as there is a pending appeal on these issues before this Court.

### II.

When Durachinsky informed the court that he had a breakdown in communications with counsel and that counsel had a conflict of interest, the court should have inquired into the nature of the allegations rather than informing Durachinsky that he could not rule on them because of the pending competency proceedings.

### III.

The Government provided persuasive evidence that Durachinsky is competent to go to trial. The district court clearly erred in finding otherwise.

# ARGUMENT

## I. THE DISTRICT COURT DID NOT HAVE JURISDICTION TO RULE ON DURACHINSKY'S COMPETENCE PENDING HIS INTERLOCUTORY APPEAL

While Durachinsky's appeal of his first competency determination was pending (Case No. 23-4019), the district court held additional competency and restoration hearings, and again determined that Durachinsky was incompetent but restorable.  However, because the district court did not have jurisdiction over these matters while 23-4019 remains pending, those hearings and district court decisions are a nullity.

### Standard of Review

This Court reviews issues of district court jurisdiction de novo.  *Doe v. Univ. of Michigan*, 78 F.4th 929, 940 (6th Cir. 2023).

"In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).  This also

applies to interlocutory appeals.  In *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 143 S. Ct. 1915, 216 L. Ed. 2d 671 (2023),  the Supreme Court determined that where a litigant had filed a proper interlocutory appeal of application of an arbitration clause, this divested the district court of jurisdiction to proceed on other aspects of the case.  143 S.Ct. at 1921.  Proceedings in the district court which touch upon those matters "involved in the appeal" should therefore be stayed pending resolution of the appeal. *Id.* at 1919.

This rule prevented the district court from addressing the merits of Durachinsky's competency so long as the issue was before this Court in Case No. 23-4019.  Both the Government and Durachinsky raised this concern to the district court.  At a hearing held on May 15, 2024 relating to the destruction of some of Durachinsky's property by a local jail, the Government informed the court "my initial take on that is, although I would have to do a little further research, is that until that is resolved it may very well divest the Court of jurisdiction over the ultimate competency finding in this case because it relates to an appeal of the Court's order from December." (R.227, Hearing PAGE ID # 1899)  The court did not stay the proceedings based on this, but set the matter for a competency hearing.  On September 24, 2024, at the beginning of the competency hearing, Durachinsky himself suggested to the

11

district court that the court was without jurisdiction, based on the pending appeal. (R.218, Competency Hearing PAGE ID # 1689)  In response, the court stated: "Did you or your lawyer, your other lawyer, have an opinion as opposed to 'I may not'? Did you come up with a definitive conclusion on that?" Durachinsky answered "no", to which the court responded "All right." (R.218, Competency Hearing PAGE ID # 1690)  The court took no other steps to inquire as to its jurisdiction, and proceeded to the merits.

A federal court has "an independent obligation to consider [its jurisdiction] and may do so sua sponte." *Est. of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018).  Here, both the Government and the defense questioned the district court's jurisdiction; however, the court never examined to see whether or not it had the authority to act.  Based on *Coinbase*, it did not.  This Court should therefore declare the court proceedings on September 24 and November 13, 2024 a nullity, and vacated the district court's November 15 and November 20, 2024 orders (R.221 and 222), as the court was without jurisdiction to rule on the merits of competency issues pending before this Court.

## II.  THE DISTRICT COURT SHOULD HAVE INQUIRED AS TO THE CLAIM THAT COUNSEL WAS CONFLICTED AND/OR THERE WAS A BREAKDOWN IN ATTORNEY/CLIENT COMMUNICATIONS

If the district court had jurisdiction to determine Durachinsky's competence, then the court committed reversible error in not making an inquiry into a breakdown in communication between Durachinsky and his counsel.

### Standard of Review

A district court's decision not to substitute counsel is reviewed for abuse of discretion.  See *United States v. Wells*, 55 F.4th 1086, 1090 (6th Cir. 2022).

At the beginning of the competency hearing held on September 24, 2024, Durachinsky was given permission to address the district court.  He informed the court that he wanted replacement counsel.  He told the court that there was a breakdown in communications between he and his counsel (R.218, Competency Hearing PAGE ID # 1691), that counsel was acting under a conflict of interest (PAGE ID # 1691), and that counsel was acting directly against his wishes.  (PAGE ID # 1693)  Durachinsky stated that this left him without an advocate.  (PAGE ID # 1693)  In response, the court informed

Durachinsky it was only focusing on competency, not problems with his attorney. (PAGE ID # 1693)

A criminal defendant has the right to the assistance of counsel at all critical stages of the proceedings. *Carson v. United States*, 88 F.4th 633, 639 (6th Cir. 2023). This includes any hearing to determine his or her competency to stand trial. *United States v. Ross*, 703 F.3d 856, 869 (6th Cir. 2012).

The right to counsel is not merely the right to the presence of counsel, but the right to the effective assistance of counsel. The right to the assistance of counsel is, at its core, the right to an "effective advocate." *Jones v. Bradshaw*, 46 F.4th 459, 475 (6th Cir. 2022). The duty of defense counsel to zealously advocate on the defendant's behalf not only arises from ethical rules, but the Constitution itself. *McCoy v. Ct. of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 447, 108 S. Ct. 1895, 1906, 100 L. Ed. 2d 440 (1988).

When a criminal defendant asks for substitute counsel, "a district court is 'obliged to conduct an inquiry into the defendant's complaint to determine whether there is good cause for substitution of counsel.'" *United States v. Steele*, 919 F.3d 965, 973 (6th Cir. 2019). When reviewing a decision regarding the replacement of counsel, this Court looks at four factors: "(1) the timeliness of the motion, (2) the adequacy of the [trial] court's inquiry into the

14

matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) ... the public's interest in the prompt and efficient administration of justice." *United States v. Trevino*, 7 F.4th 414, 428 (6th Cir. 2021).

As a preliminary matter, the district court did not "conduct an inquiry" into his request, but instead determined that it could not address Durachinsky's substitution of counsel request until after a competency determination was made.  (R.218, Competency Hearing PAGE ID # 1693)  But this was putting the cart before the horse.  Because a competency hearing is a critical stage of the trial, the defendant is entitled to the effective assistance of counsel at that hearing.  See *United States v. Martin*, 608 F. App'x 340, 345 (6th Cir. 2015).  Proceeding with conflicted counsel, or counsel with whom a defendant has a complete breakdown in communications, violates the right to counsel.  As such, the district court was required to inquire as to the conflict before proceeding further.  This error requires reversal.

Turning to the factors, as to the timeliness of the motion, there was no compelling issue that would have prevented substitution of counsel.  There was no trial set, and the case had been dragging on for almost eight years at the

15

time of the hearing.  No party would have been harmed by allowing substitute counsel.  This also addresses the fourth *Trevino* factor.

As to the adequacy of the inquiry, as set forth above, there was no inquiry; therefore, this factor weighs in favor of remand.  As to the "extent of the conflict," the lack of inquiry by the district court makes weighing of this factor difficult.  However, although the district court made no record of the extent of the conflict, Durachinsky did allege that counsel was operating under a conflict of interest.  (PAGE ID # 1691)  This Court has found that where there is an actual "competing obligation" that compromises an attorney's performance, that this requires substitution of counsel.  *United States v. Gandy*, 926 F.3d 248, 261 (6th Cir. 2019).  Therefore, there was a substantive claim that should have resulted in an inquiry by the district court.

Durachinsky was entitled to proceed to his competency evaluation with counsel that was conflict free, with whom he could have effective communication.  The court's failure to address the request to substitute counsel rendered the later proceedings tainted, and requires a remand for a determination of whether substitute counsel should be appointed.

## III.    DURACHINSKY IS NOT INCOMPETENT

The Bureau of Prisons evaluated Durachinsky on almost a daily basis for four months, and provided him with restorative therapy.  After that time, and with lengthy monitoring of Durachinsky, they determined that he was competent to stand trial and assist his counsel.  The district court's determination to the contrary, in light of the record, is clearly erroneous.

### Standard of Review

"A defendant's competence is a question of fact, which we review for clear error." *United States v. Prigmore*, 15 F.4th 768, 776 (6th Cir. 2021).

On December 7, 2023, after reviewing competency reports provided by both the Government and defense counsel, the district court determined that Appellant Durachinsky was incompetent to stand trial, but could possibly be restored to competency.  Durachinsky was then sent off to MCC Chicago for four months.  During that time, Dr. Yasmine Abdelaal (among others) treated and evaluated Durachinsky. Dr. Abdelaal interacted with Durachinsky several times a week for a four-month period.  These interactions were direct and observational, and included therapy and interviews.  In addition, Durachinsky participated in two different restoration programs at MCC.  At the end of that

time, Dr. Abdelaal diagnosed Durachinsky as having autism spectrum disorder as well as narcissistic personality disorder. However, Dr. Abdelaal determined that Durachinsky had never been incompetent, and that he was able to assist in his defense. He was therefore returned to the Northern District of Ohio to stand trial.

Upon his return, defense counsel indicated that they were contesting the finding of competency. At a hearing held on September 24, 2024, they presented the testimony of Dr. Allen McConnell. In April 2023, Dr. McConnell had diagnosed Durachinsky with autism spectrum disorder, and that he was unable to assist in his defense. Although Dr. McConnell had not interviewed or evaluated Durachinsky since that one interview in April 2023, he nonetheless continued to opine that "my opinion was that his interpersonal communication style and difficulty is related to autism, and not personality characteristics. And because of that, you know, that impacts his capacity to assist in his defense." (PAGE ID # 1781)

The court took the matter under advisement, and on November 12, 2024, entered a written order finding that Durachinsky was still incompetent to stand trial. (R.219, Order PAGE ID # 1827) The court determined:

> I have no reason to question my original determination, after consideration of the reports of Dr. Low and Dr.

18

McConnell , that Defendant was not competent to assist in his defense. He appears to be having the same difficulties in this regard now as he had before. It is true that Dr, Abedelaal's interaction with Defendant is more recent than that of Dr. McConnell's. But, he and Dr. Low were very specific in terms of the impediments they saw to Defendant's effectively interacting with counsel. Therefore, Dr. McConnell was in a good position to review Dr. Abedelaal's report to see if the traits he and Dr. Low witnessed in Defendant were still there.

(R.219, Order PAGE ID # 1835)

"[A] district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is reasonable cause to believe that the defendant is incompetent." *United States v. Pitts*, 997 F.3d 688,700 (6th Cir. 2021). Pursuant to 18 U.S.C. § 4241(a), "[c]ourts are required to hold a competency hearing 'if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" *United States v. Ayala*, 755 F. App'x 499, 506 (6th Cir. 2018).

"Mental incompetence is a 'high' bar to clear. [ ] To qualify, defendants must lack the wherewithal 'to understand the nature and consequences' of the proceedings against them or to 'assist properly' in defending themselves."

*United States v. Tucci-Jarraf*, 939 F.3d 790, 795 (6th Cir. 2019). "In determining whether a defendant is competent, a court should consider evidence of irrational behavior, the defendant's demeanor at trial, and any prior medical opinion concerning competence to stand trial." *United States v. Coleman*, 871 F.3d 470, 475 (6th Cir. 2017). This Court gives "a trial court great deference in its assessment of a defendant's competence." *United States v. Hood*, 827 F. App'x 524, 529 (6th Cir. 2020).

First, the district court did not give any weight to any events occurring after April 2023. Even though Dr. McConnell had only met with Durachinsky once, and that it was a year and half prior to the hearing, the court placed all of its determinations based on his testimony. Dr. McConnell had no opportunity to see if the treatment provided by the BOP worked. He did not observe Durachinsky for nearly the amount of time the BOP did. And, unlike the BOP, McConnell did not give Durachinsky legal based problems to solve, which showed his ability to not only understand his legal status, but to provide insight into how to solve legal issues. (R.218, Hearing PAGE ID # 1707) The district court erred in dismissing the BOP's efforts and testimony, and crediting the testimony of a person who met and interviewed Durachinsky a year and half prior to the hearing, and prior to treatment.

20

The court also misunderstood the low bar of competency.  For instance, in evaluating whether Durachinsky understood his legal situation, so as to assist counsel, the court found ""I didn't see her [Dr. Abdelaal] push there. I didn't see her try to get to create a scenario that would be similar to what the lawyers would face, and that's really what's kind of the deciding factor." (PAGE ID # 1907)  But that is a much higher bar than competence.  The district court did find: "Mr. Durachinsky is a highly-intelligent man. He understands the court system well. He doesn't have no problems in that. He understands what all the actors in the court system, what their role is and what they should do. There is no question about that." (PAGE ID # 1907) Competence does not require that Durachinsky and his then current counsel come to an understanding on strategy or understanding of the law.  It requires far less.  The district court's determination is therefore clearly erroneous.

In *United States v. Dubrule*, 822 F.3d 866 (6th Cir. 2016), this Court upheld a competency determination where two of three experts disagreed that the defendant was competent.  The Court noted that the remaining expert had more experience, had a more extensive evaluation of the defendant, and had more detailed explanations for their determination.  *Id.* at 876.  The Court

21

found "Dubrule was capable of consultation when he so desired. Competency requires only 'the ability' to consult with one's attorney [ ]; it does not require the defendant to do so in every instance." *Id.* at 877.  This Court should follow *Dubrule*, and find that the district court's determination of competence was clearly erroneous.  On these facts and on this record, a district court could only find that Durachinsky understands the nature of the proceedings and can assist in his defense.

CONCLUSION

For these reasons, Durachinsky asks this Court to vacate the order

imprisoning him for a determination of rehabilitation, and remand for a

further proceedings consistent with these arguments.


Respectfully Submitted,

JOSPEH MEDICI
Federal Public Defender SDOH


 /s/ *Kevin M. Schad*
Kevin M. Schad
Attorney for Appellant
Appellate Chief
Office of the Federal Public Defender
Southern District of Ohio
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Fax (513) 929-4842
Kevin_schad@fd.org

## CERTIFICATE OF COMPLIANCE

Counsel for Appellant hereby certifies that the foregoing brief complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 32(a)(7)(B). The relevant portions of the above brief contain 4882 words in Century Schoolbook (14-point) type. The word processing software used to prepare this brief was Microsoft Office 365.

/s/ *Kevin M. Schad*
_____
Kevin Schad
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2025, I electronically filed the above with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the following at their email addresses on file with the Court:

Assistant United States Attorney Matthew Shepherd

/s/ *Kevin M. Schad*

Kevin Schad
Attorney for Appellant

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

In accordance with 6 Cir. R. 30, Appellant designates as "Relevant District Court Documents" the following documents filed in the district court and available via that court's electronic CM/ECF system:

| District Court Docket Number | Page ID # | Description of Document |
|---|---|---|
| 38 | 105-115 | Indictment |
| 177 | 1443-1445 | Motion for Competency Evaluation |
| 184 | 1478-1480 | Order |
| 218 | 1687-1821 | Transcript Competency Hearing 9.24.24 |
| 219 | 1827-1837 | Order on Competency |
| 220 | 1842-1844 | Order on Restoration |
| 223 | 1848 | Notice of Appeal |
| 227 | 1893-1899 | Transcript Hearing 5.15.24 |
| 228 | 1906-1913 | Transcript Hearing 11.13.24 |