Case No. 24-4009

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

PHILLIP DURACHINSKY,
*Defendant/Appellant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

_____

REPLY BRIEF OF APPELLANT DURACHINSKY

_____

JOSEPH MEDICI
Federal Public Defender

Kevin M. Schad
Attorney for Appellant
Appellate Chief
FPD Southern District of Ohio
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Kevin_schad@fd.org

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

I.  THE DISTRICT COURT DID NOT HAVE JURISDICTION TO RULE ON DURACHINSKY'S COMPETENCE PENDING HIS INTERLOCUTORY APPEAL .................................................................. 1

II. THE DISTRICT COURT SHOULD HAVE INQUIRED AS TO THE CLAIM THAT COUNSEL WAS CONFLICTED AND/OR THERE WAS A BREAKDOWN IN ATTORNEY/CLIENT COMMUNICATIONS ................................................................................. 6

III. DURACHINSKY IS NOT INCOMPETENT ............................................. 7

CONCLUSION ..................................................................................................... 10

CERTIFICATE OF COMPLIANCE .................................................................... 11

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## Cases

*In re Wolverine Radio Co.*, 930 F.2d 1132, 1137–38 (6th Cir. 1991) ...................... 2

*In re Wylie*, 119 F.4th 1043, 1046 (6th Cir. 2024). ................................................ 8

*United States v. Cabbage,* 91 F.4th 1228, 1231 (6th Cir. 2024) .......................... 1

*United States v. Clark*, 24 F.4th 565, 577 (6th Cir. 2022) ........................................ 7

*United States v. Obi*, 132 F.4th 388, 395 (6th Cir. 2025) ........................................ 6

*Whitman v. Dep't of Transportation*, 547 U.S. 512, 514, 126 S. Ct. 2014, 2015, 164 L. Ed. 2d 771 (2006) ............................................................... 2

*Wilkins v. United States*, 598 U.S. 152, 158, 143 S. Ct. 870, 876, 215 L. Ed. 2d 116 (2023) ....................................................................................... 5

# ARGUMENT

## I. THE DISTRICT COURT DID NOT HAVE JURISDICTION TO RULE ON DURACHINSKY'S COMPETENCE PENDING HIS INTERLOCUTORY APPEAL

While Durachinsky's appeal of his first competency determination was pending (Case No. 23-4019), the district court held additional competency and restoration hearings, and again determined that Durachinsky was incompetent but restorable. However, because the district court did not have jurisdiction over these matters while 23-4019 remains pending, those hearings and district court decisions are a nullity.

The Government first contends that, because Durachinsky at one point stayed proceedings in Case 23-4019 while district court matters were pending, that this amounts to "invited error," such that this issue is waived for appeal.[1] But the Government's argument fails for one simple reason: a party "cannot confer jurisdiction [on a federal court]; only Congress can do so." *Whitman v.*

---

[1] Even invited errors are reviewable by this Court to prevent a "manifest injustice." *United States v. Cabbage*, 91 F.4th 1228, 1231 (6th Cir. 2024). This would apply to a claim where the district court acted without proper jurisdiction.

*Dep't of Transportation*, 547 U.S. 512, 514, 126 S. Ct. 2014, 2015, 164 L. Ed. 2d 771 (2006), see also *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137–38 (6th Cir. 1991)("Parties can neither waive nor consent to subject matter jurisdiction").  If the district court was without jurisdiction to consider the competency issue while the first appeal was pending (which it was), nothing Durachinsky or the Government could do, absent dismissing the first appeal, could give the district court jurisdiction to further act.  The Government's invited error argument therefore lacks merit.

    Second, the Government's argument ignores this Court's ruling in 23-4019.  In that prior appeal, the Government made the argument in its responsive brief that the appeal was moot, as the period of commitment had ended.  This Court rejected that claim, finding "Here, Durachinsky remains in the custody of the Attorney General after the district court declined to deem him incompetent. His appeal from the initial competency determination and commitment under § 4241(d)(1) is therefore not moot, and we now turn to the merits." (Case No. 23-4109, Decision Page: 7)  Because this Court recognized its continuing jurisdiction, any claim that the district court could act is without merit.

2

Third, the Government's argument does not give justice to the record. The district court, while the first appeal was pending, held a hearing on a matter relating to the destruction of Durachinsky's property on May 15, 2024. At that point, the competency report had not been returned to the court, but Durachinsky had been returned to local custody, his period of evaluation complete. At the end of the hearing, defense counsel brought up that the court may not have jurisdiction to address the pending competency issue, because of the appeal. (R.227, Hearing PAGE ID # 1895) The Government agreed, stating "I would say I do agree with Mr. Thompson, he referred to the pending appeal in this case, and I guess with my comment on that is, my initial take on that is, although I would have to do a little further research, is that until that is resolved it may very well divest the Court of jurisdiction over the ultimate competency finding in this case because it relates to an appeal of the Court's order from December . . ." (PAGE ID # 1899) Despite this, a review of the docket shows that on June 4, 2024, the court set a "psychiatric report hearing" for June 18, 2024. This was because the final competency report had been returned (finding Durachinsky competent to stand trial). It was later re-set for June 21 on June 6. This was all *prior to* the first motion for abeyance being filed with this Court in 23-4109. The district court was

3

moving forward regardless of any abeyance by this Court – and the district court never addressed either party's objection to jurisdiction.

The Government also contends that by holding 23-4109 in abeyance, this Court effectively conferred jurisdiction back to the district court for resolution of the second competency evaluation. (Government Brief Page: 41) This is not what happened, and if this Court had wished to do such a thing, there is a process under which the Court may do so. Federal Rule of Appellate Procedure 12.1 provides this Court may remand a case under this Court's jurisdiction for a ruling on a motion in the district court where the district court otherwise lacks jurisdiction to rule because of the pending appeal. Federal Rule of Criminal Procedure 37 further outlines the steps that must be taken in the district court to ask for such a remand. None of these procedures were requested by the Government, despite them acknowledging that jurisdiction was an issue. (R.227, Hearing PAGE ID # 1899) Therefore, despite understanding the jurisdictional issue, the Government took no steps under either Criminal Rule 37 and/or FRAP 12.1 to allow the district court to take back jurisdiction on this matter.

"[D]octrines like waiver and estoppel ensure efficiency and fairness by precluding parties from raising arguments they had previously disavowed. . .

4

{but] these doctrines do not apply to jurisdictional objections." *Wilkins v. United States*, 598 U.S. 152, 158, 143 S. Ct. 870, 876, 215 L. Ed. 2d 116 (2023). This is true even when "parties [ ] disclaim such an objection, only to resurrect it when things go poorly for them on the merits." 598 U.S. at 158. The district court was without jurisdiction rule on Durachinsky's competency while Case Number 23-4019 remained before this Court. Nothing that Durachinsky did conveyed jurisdiction on the district court, and the Government took no available steps to reconvey jurisdiction to the district court. Therefore, the actions taken by the district court are nullified.

## II. THE DISTRICT COURT SHOULD HAVE INQUIRED AS TO THE CLAIM THAT COUNSEL WAS CONFLICTED AND/OR THERE WAS A BREAKDOWN IN ATTORNEY/CLIENT COMMUNICATIONS

Durachinsky had argued in the alternative that, even if the district court had jurisdiction to consider further competency proceedings, it should have addressed his claim that he should be allowed substitution of counsel. However, in this Court's previous decision (23-4109), the Court determined that it was not error to refuse to act on Durachinsky's request for new counsel during a period of incompetency. If the district court had jurisdiction to act (which Durachinsky does not concede), this ruling would seem to be law of the case on this issue. *United States v. Obi*, 132 F.4th 388, 395 (6th Cir. 2025)("Derived to promote both consistency and efficiency over a case's lifespan, this longstanding rule commands that "findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation.").

## III. DURACHINSKY IS NOT INCOMPETENT

In the court below, the Government argued that Durachinsky had been restored to competency and was fit to stand trial. The Government put on witnesses and evidence to support their position. On appeal, they now argue to the contrary, contending that the district court did not commit error in finding that Durachinsky continued to be incompetent to stand trial. A party "waives an argument by, for example, raising and then abandoning it [ ], stating in a brief that a proposition is not disputed [ ], or conceding it in open court and then changing positions on appeal." *United States v. Clark*, 24 F.4th 565, 577 (6th Cir. 2022)(internal citations omitted). Here, the Government advocated that Durachinsky was competent in the court below and is changing positions on appeal. Their arguments should be given no weight in this appeal, as they are estopped from arguing such a position in this appeal.

On the merits, the Government's arguments supporting the district court's decision do not hold up under clear error review. "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a

mistake has been committed.'" *In re Wylie*, 119 F.4th 1043, 1046 (6th Cir. 2024).

Such a mistake was made here. In the written order finding Durachinsky's continuing incompetence, the district court relied on Dr. McConnell's assessment that Durachinsky continued to be unable to assist his counsel. (R.219, Order PAGE ID # 1835) But McConnell never met with Durachinsky after his treatment by the BOP or performed another evaluation on him. He only met Durachinsky one time in April 2023. (R.218, Hearing PAGE ID # 1787) The district court could not have found that Durachinsky was unable to interact with his counsel based on any observation by McConnell. This alone is reversible error.

Moreover, the Government's claim that, because the district court mentioned the BOP reports and testimony from Abdelaal (finding Durachinsky competent and restored), that this precludes an argument that the district court's determination was clearly erroneous. Even if the district court did "weigh" this evidence against the evidence from April 2023, that weighing was faulty. As outlined above, the clearly erroneous standard assumes there is "some evidence" to support the district court's decision, but that the record shows that a clear mistake was made. That is the case here. Durachinsky

was found incompetent – he was sent off to the BOP for intensive treatment, and after that treatment, was declared by the BOP competent and restored. Without any other new evaluation, the court relied on the previous incompetency finding to determine that none of what the BOP did or observed mattered. This Court should remand this case, and find that the district court's incompetency determination was clearly erroneous.

## CONCLUSION

For these reasons, as well as those presented in the initial brief, Durachinsky asks this Court to vacate the order imprisoning him for a determination of rehabilitation, and remand for further proceedings consistent with these arguments.

Respectfully Submitted,

JOSPEH MEDICI
Federal Public Defender SDOH

/s/ *Kevin M. Schad*
Kevin M. Schad
Attorney for Appellant
Appellate Chief
Office of the Federal Public Defender
Southern District of Ohio
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Fax (513) 929-4842
Kevin_schad@fd.org

## CERTIFICATE OF COMPLIANCE

Counsel for Appellant hereby certifies that the foregoing brief complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 32(a)(7)(B).  The relevant portions of the above brief contain 2049 words in Century Schoolbook (14-point) type.  The word processing software used to prepare this brief was Microsoft Office 365.

/s/ *Kevin M. Schad*
Kevin Schad
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2025, I electronically filed the above with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the following at their email addresses on file with the Court:

Assistant United States Attorney Matthew Shepherd

/s/ *Kevin M. Schad*
Kevin Schad
Attorney for Appellant